**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Garner; | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Maxsmart, Inc., d.b.a. Premiere Event, a Delaware corporation; Michael David Palance and Melanie Palance, husband and wife | **JURY DEMAND** |

Plaintiff Jennifer Garner, for her Complaint against Defendants, alleges as follows:

### NATURE OF THE CASE

1.    The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.    Employers must compensate employees for all work that employers permit

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3.     Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4.     Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.     Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7.     Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

8.     The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or

representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9.      At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

10.     At all times material hereto, Maxsmart, Inc. was incorporated in the State of Delaware but has its principal place of business and has its principal place of business in Maricopa County, Arizona.

11.     Upon information and belief, at all times material hereto, Defendant Michael David Palance, was and continues to be a resident of Maricopa County, Arizona.

12.     Melanie Palance is Michael David Palance's wife.  Michael and Melanie Palance have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

13.     Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant Michael David Palance was and is the owner of Maxsmart, Inc.

17.    At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

18.    The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

19.   At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

20.   Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

21.  Defendant Michael David Palance is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and is co-equally liable with Maxsmart, Inc.

22.   All Defendants are co-equally liable for all matters.

23.   Defendant Michael David Palance made all decisions on the daily activities of his employees and makes all decisions regarding pay policies and exerted financial and operative control over Maxsmart, Inc. and as is therefore individually liable under the FLSA.

24.   Defendant Michael David Palance has the power to close Maxsmart, Inc.

25.   Defendant Michael David Palance has the power to hire and fire employees.

26.   Defendant Michael David Palance hired managerial employees.

27.   On information and belief, Defendant Michael David Palance maintained employment records.

28.   On information and belief, Defendant Michael David Palance dictated the corporate message in pending labor investigations.

29.   Defendant Michael David Palance profited from the FLSA violations detailed in this complaint.

30.   At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

31.   Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

32.   On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

33.   Maxsmart, Inc. operates a DBA known as Premiere Event in Arizona.

34.   Premiere Event is a weeklong child talent showcase which allows children the opportunity to meet directly with talent agents, managers, and industry professionals who specialize in children's programming. This event allows children who wish to be in the entertainment industry the opportunity to interface directly with individuals who could hire them to perform.

35.   Maxsmart, Inc. hired Plaintiff in February of 2015 as a talent relations coordinator.

36.   To avoid having to pay Plaintiff overtime Maxsmart, Inc. compensated Plaintiff on a bi-weekly salary.

37.   Defendants simply decided to avoid having to pay overtime by misclassifying Plaintiff as an exempt employee.

38.   Plaintiff was a non-exempt employee. She should have been paid an hourly rate, not salary.

39.   Plaintiff's responsibilities included preparing the families and performers for their respective showcases by informing them what to expect during the show case.

40.   Plaintiff would also do specific coaching that Defendants created a program for, this would include acting and voice coaching.

41.   Plaintiff would also provide children and families answers regarding frequently asked questions regarding the entertainment industry.

42.   Plaintiff would follow a specific training program created by the Defendants in her coaching. She did not have the ability to deviate from Defendants' program.

43.   Plaintiff's work depended on efficiently presenting children with Defendants' program, her work depended on intelligence, diligence, and accuracy, and not invention, imagination, originality, or talent.

44.   Plaintiff simply followed set directives created by Defendants.

45.   Plaintiff also had to perform general office work such as inputting clientele data into spreadsheets.

46.   Plaintiff had no supervision or management responsibilities.

47.   Plaintiff could neither hire nor fire employees.

48.   Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out her job responsibilities.

49.   Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

50.   Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Maxsmart, Inc. or its' customers.

51.   Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

52.   Plaintiff was not a teacher or a certified teacher.

53.   Maxsmart Inc. did not operate an educational establishment.

54.   Plaintiff did not perform work requiring advanced knowledge.

55.   Plaintiff did not perform work in a field of science or learning.

56.   Plaintiff did not have an advanced degree and was not required to have one to perform the work of an acting coach.

57.   The knowledge required to perform the work of an acting coach is not acquired by a prolonged course of specialized intellectual study.

58.   Plaintiff's work did not require consistent exercise of discretion and judgment.

59.   Plaintiff's work did not require her to analyze, interpret, or make deductions from varying facts or circumstances.

60.   Plaintiff's duties were carried out in a mechanical and routine manner and she had no authority to make independent decisions in performing those duties.

61.   Plaintiff's work did not require invention, imagination, originality, or talent.

62.   Plaintiff's work did not require creative or original analysis and interpretation.

63.   Plaintiff's original schedule was Tuesday through Sunday from 10 am to 6 p.m. but Defendants consistently required Plaintiff to work extra hours.

64.   However Defendants changed that schedule and Plaintiff's regular schedule became Tuesday through Sunday, from 7 a.m. to 7 p.m. each and every day.

65.   Each and every week that Plaintiff has worked her regular schedule, she has worked over forty hours in a week.

66.   By improperly classifying Plaintiff as an exempt employee, Defendants are depriving Plaintiff upwards of twenty to thirty hours of overtime pay each and every week.

67.   Plaintiff has retained the law firm of Phillips Dayes National Employment Law Firm to prosecute her claims against Defendants on her behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

68.   Plaintiff incorporates and adopts paragraphs 1 through 67 above as if fully set forth herein.

69.   While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

70.   Plaintiff was a non-exempt employee.

71.   Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

72.   On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

73.   As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

74.   Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

75.   In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

76.   On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

77.   Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover her overtime compensation, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a.   Awarding Plaintiff overtime compensation in the amount due for all of her time worked in excess of forty (40) hours per week at a pay rate

equal to one and one-half times Plaintiff's regular rate of pay while at
work for Defendants, in an amount proved at trial;

b.   Awarding Plaintiff liquidated damages in an amount equal to the
overtime award;

c.   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the
litigation pursuant to 29 U.S.C. § 216(b);

d.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all
amounts awarded under subsections (a) and (b) above from the date of
the payment due for that pay period until paid in full;

e.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on
all awards from the date of such award until paid in full; and

f.   For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**DECLARATORY JUDGMENT**

78.   Plaintiff incorporates and adopts paragraphs 1 through 77 above as if fully set
forth herein.

79.   Plaintiff and Defendants have an overtime compensation dispute pending.

80.   The Court has jurisdiction to hear Plaintiff's request for declaratory relief
pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

81.   Plaintiff is entitled to declarations, and requests that the Court make
declarations as to the following matters and as to other matters deemed appropriate by the
Court:

    a.  Defendants employed Plaintiff.

    b.  Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

    c.  Plaintiff individually is covered by the overtime provisions of the FLSA.

    d.  Plaintiff was not an exempt employee pursuant to the FLSA.

    e.  Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

    f.  Defendants' failures to pay overtime compensation to Plaintiff were willful.

    g.  Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

    h.  Plaintiff is entitled to an equal amount as liquidated damages.

    i.  Plaintiff is entitled to recover her costs and a reasonable attorney's fee incurred in prosecuting her claim.

82.  It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

83.  The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b. Awarding Plaintiff her reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

c. For such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: August 4, 2015

Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

By: /s/ Trey Dayes
      Trey Dayes
      Attorney for Plaintiff